IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MMP ENNIS LODGING LLC, D/B/A, | § | |
| COMFORT SUITES | § | |
| *PLAINTIFF,* | § | |
| | § | |
| VS. | § | Civil Action No. 3:23-cv-1894 |
| | § | |
| AMGUARD INSURANCE COMPANY, | § | **JURY DEMANDED** |
| *DEFENDANT,* | § | |

**DEFENDANT AMGUARD INSURANCE COMPANY'S
NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant AmGuard Insurance Company ("Defendant" or "AmGuard") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

**I.     NATURE OF THE SUIT**

1.     This lawsuit arises from a claim made by Plaintiff under a policy of insurance. Plaintiff filed this lawsuit alleging breach of contract, violations of Texas Insurance Code Chapter 541 and 542, and various other causes of action.

**II.     PROCEDURAL BACKGROUND**

2.     On July 21, 2023, Plaintiff filed an Original Petition initiating an action against AmGuard in the 40th Judicial District Court of Ellis County, Texas, bearing Cause No. 111692 ("the State Court Action").[1] A jury demand was made in the State Court Action. *Id*. On July 27, 2023, Plaintiff served AmGuard via its agent for service of process.[2]

---

[1] *See* Exhibit D.
[2] *See* Exhibit C.

1

3.     This Notice of Removal is timely filed within thirty days of service and within one year of commencement of the State Court Action in compliance with 28 U.S.C. § 1446(c)(1).

## III.     BASIS FOR REMOVAL

4.     This Court has original diversity jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed pursuant to 28 U.S.C. § 1441(b).  It is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5.     **Plaintiff is a Texas citizen**. Plaintiff is a domestic limited liability company created under the law of the State of Texas with its principal place of business in Texas.  MMP Ennis Lodging, LLC's members are Manishbhai Patel, Mukund Patel, and Paresh Patel. Manishbhai Patel is an individual and a citizen of the State of Texas.  Mukund Patel is an individual and a citizen of the State of Texas.  Paresh Patel is an individual and a citizen of the State of Texas. Accordingly, Plaintiff is a Texas citizen for purposes of diversity jurisdiction.

6.     **Defendant is not a Texas citizen.** AmGuard is a Pennsylvania corporation with its principal administrative office in Pennsylvania. For the purposes of establishing diversity jurisdiction, an incorporated entity is considered a citizen of the state of incorporation and citizen of the state in which it maintains its principal place of business.[3] AmGuard is, therefore, a citizen of the State of Pennsylvania for the purposes of establishing citizenship under 28 U.S.C. § 1332(c). Thus, Defendant is not a citizen of Texas for the purposes of diversity jurisdiction, and complete diversity of citizenship exists among Plaintiff and AmGuard.

7.     **The amount in controversy requirement is satisfied.** The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy

---

[3] *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

exceeds $75,000.00.[4] The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy … that support a finding of the requisite amount."[5] If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a Plaintiff must be able to show that, to a legal certainty, he will not be able to recover more than the damages for which he has prayed in the state court complaint.[6]

8.      Plaintiff's Original Petition "seeks monetary relief of over $250,000, but not more than $1,000,000."[7]  In addition to its breach of contract claim,[8] Plaintiff has also pleaded Defendant violated Texas law, including, but not limited to, the Texas DTPA[9]  and the Texas Insurance Code.[10]  Plaintiff has also alleged breach of the duty of good faith and fair dealings.[11]

9.      Additionally, Plaintiff pleads for damages for actual costs of repairs, three times the economic damages, attorneys fees, exemplary damages, court costs, and interest as a penalty as provided for the Texas Insurance Code.[12]

10.      Attorneys' fees and penalties are included as part of the amount in controversy.[13]  As such, this further supports the conclusion the amount in controversy exceeds $75,000.  The

---

[4] *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002).
[5] *Allen v R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[6] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).
[7] *See* Exhibit D at ¶ 5.
[8] *See* Exhibit D at ¶ ¶ 12-13.
[9] *See* Exhibit D at ¶ ¶ 19-21.
[10] *See* Exhibit D at ¶ ¶ 16-18, 22-24.
[11] *See* Exhibit D at ¶ ¶ 14-15.
[12] *See* Exhibit D at ¶ ¶ 26-28.
[13] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998) (diversity jurisdiction found to exist when policy limits, plus statutory penalties, exceeded $75,000).

evidence before this Court demonstrates the amount in controversy at the time of removal is as an amount in excess of $75,000.00.

11.     Accounting for the actual damages sought by Plaintiff along with the Plaintiff's other claims for monetary relief, including trebling damages and attorney's fees, it is facially apparent that the amount in controversy exceeds $75,000.00 for all amounts within Plaintiff's claimed damages range.[14] Because the amount in controversy facially exceeds $75,000, this Court has subject-matter jurisdiction under 28 U.S.C. § 1332, and this removal is proper.

**IV.     Other Matters**

12.     Removal to the Northern District of Texas, Dallas Division is proper because the state court action is pending in Ellis County, which is part of the Northern District, Dallas Division. Further, the insured property is located in Ellis County; and all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Ellis County.[15]

13.     In compliance with 28 U.S.C. § 1446(a), Defendant has filed with this Notice of Removal (1) a list of all parties in the case, their party type, and current status of the removed case; (2) a civil cover sheet, supplemental civil cover sheet, and certified copy of the state court docket sheet, a copy of all pleadings, all answers to such pleadings, and a copy of all process and orders served upon the party removing the case to this court as required by 28 U.S.C. § 1446(a); (3) a complete list of attorneys involved in the action being removed, including each attorney's address, telephone number, and party or parties represented by that attorney; (4) a record of which parties have requested jury trial; and (5) the name and address of the court from which the

---

[14] *See, e.g., Singleton v. Liberty County Mutual Insurance Co.*, 2019 WL 2123549, at *1 (N.D. Tex. 2019) (considering "request for treble damages, attorney's fees, [and] interest" in determining the amount in controversy).

[15] *See* Exhibit D at ¶ 4.

case was removed.[16] Defendant has also filed the Certificate of Interested Parties and Corporate Disclosure as required.

14.     In compliance with 28 U.S.C. § 1446(d), Defendant hereby certifies that it will promptly notify the clerk of the court in the State Court Action and all adverse parties of this removal.

## IV.     CONCLUSION AND PRAYER

15.     The basis for this removal and this Court's jurisdiction is diversity of citizenship under 28 U.S.C. §1332 because (1) Plaintiff is a citizen of Texas, (2) Defendant is not a citizen of Texas and (3) the amount in controversy, based on Plaintiff's pleadings, facially exceeds $75,000, exclusive of interest and costs. As such, this removal is proper under 28 U.S.C. §1441. On these grounds, Defendant hereby removes the referenced State Court Action to this Court.

THEREFORE, Defendant AmGuard Insurance Company respectfully requests that the above-entitled action be removed from the District Court of Ellis County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

By:/s/  *Christopher W. Martin*
Christopher W. Martin
State Bar No. 13057620
Federal I.D. No. 13515
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis, Suite 1100
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101
Email: martin@mdjwlaw.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT, AMGUARD INSURANCE COMPANY**

Sheryl Kao
Texas Bar No. 24036874

---

[16] *See attached* Exhibits A-E.

5

Martin, Disiere, Jefferson & Wisdom, LLP
9111 Cypress Waters Blvd., Suite 250
Dallas, Texas | 75019
Phone: (214) 420-5524
Fax: (214) 420-5501
kao@mdjwlaw.com

**OF COUNSEL:**

Jamie P. Cooper
Texas Bar No. 24027603
Federal I.D. 34510
E-Mail: cooper@mdjwlaw.com
**MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.**
11467 Huebner Road, Suite 175
San Antonio, Texas 78230
Telephone: (214) 298-2442
Facsimile: (214) 298-2479
E-Mail:  cooper@mdjwlaw.com

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure, by CM/ECF filing, on August 24, 2023

*/s/ Jamie P. Cooper*
Jamie P. Cooper